IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID G. PFLUM,

      Plaintiff,

v.                                                   Case No. 99-4170-SAC

UNITED STATES of AMERICA,

      Defendant.

## ORDER

This matter comes before the court upon plaintiff David Pflum's Response in Opposition of Defendant's Motion for Leave to Examine Plaintiff (Doc. 97). On July 24, 2006, defendant United States of America filed a Motion for Leave to Examine Plaintiff (Doc. 95). Specifically, defendant sought leave of court to depose plaintiff pursuant to Fed. R. Civ. P. 30 because plaintiff is presently incarcerated. The court granted defendant's motion on July 27, 2006. However, on August 7, 2006, Plaintiff filed a "Response in Opposition [to] Defendant's Motion for Leave to Examine Plaintiff" (Doc. 97). Specifically, plaintiff objected to defendant's motion on the basis of his present incarceration, his pending §2255 motion "regarding the case that was under investigation," and on the basis that his incarceration is preventing him from performing some aspects of discovery.[1]

---

[1] *See* Plaintiff's Response in Opposition of Defendant's Motion for Leave to Examine Plaintiff (Doc. 97) at 1-2.

As an initial matter, the court notes that because plaintiff filed his response after the court had ruled on defendant's motion, the court finds that plaintiff's response is untimely. Nonetheless, and out of an abundance of caution, the court shall deem plaintiff's response to be a motion for reconsideration of the court's order granting leave to examine plaintiff.

As such, the court fails to find sufficient grounds in plaintiff's response for reconsidering the court's prior order granting defendant leave to depose plaintiff pursuant to Fed. R. Civ. P. 30. Fed. R. Civ. P. 30(a)(2) specifically authorizes the court to grant leave to a party to depose an individual who is incarcerated. Specifically, Rule 30(a)(2) states:

> A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), *if the person to be examined is confined in prison*[.] (emphasis added.)

With this in mind, the court finds that defendant's original motion for leave to examine plaintiff (Doc. 95) was filed pursuant to Fed. R. Civ. P. 30 and was consistent with the principles stated in Rule 26(b)(2). Therefore, the court finds that granting leave to defendant to depose plaintiff is appropriate under these circumstances, and plaintiff's objections to the contrary are hereby overruled.

Alternatively, plaintiff in his response objects and requests that the court "revie[w] and revam[p]" the Scheduling Order in this case.[2] As support for this request, plaintiff cites several vague discovery-related disputes that he alleges have arisen in the first month of discovery that prevent him from proceeding with discovery.[3] However, upon reviewing plaintiff's response,

---

[2] Plaintiff's Response in Opposition to Defendant's Motion for Leave to Examine Plaintiff (Doc. 97) at 2.

[3] *See id.* at 1-2.

-2-

the court is unable to ascertain the precise issues that warrant amendment of the Scheduling Order at this early juncture.   The court notes that plaintiff has not filed a separate motion to amend the Scheduling Order, nor has plaintiff demonstrated that he has conferred with defense counsel as to any alleged discovery disputes.  As a result, the court finds that because more than three months currently remain for the parties to complete discovery and because plaintiff has not presently demonstrated diligence in his efforts to complete discovery, there is not sufficient good cause to amend the Scheduling Order at this time.

However, the court is mindful of the plaintiff's need to complete discovery in this case. As a result, should plaintiff seek to amend the Scheduling Order in the future, the court notes that plaintiff is free to file a motion to amend the Scheduling Order or a motion for an extension of time of individual Scheduling Order deadlines.  Such a motion shall set forth the specific grounds upon which plaintiff is moving, along with the additional requirements under federal and local rules of civil procedure.[4]  Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Response in Opposition of Defendant's Motion for Leave to Examine Plaintiff (Doc. 97) is overruled.  Plaintiff is free to file a formal motion to amend the Scheduling Order or Motion for Extension of Time in full compliance with federal and local rules of civil procedure.

**IT IS SO ORDERED.**

---

[4]*See* D. Kan. R. 6.1(a).  Motions for extension of time, for example, "shall show (1) if there has been prior consultation with opposing counsel and the views of opposing counsel; (2) the date when the act was first due; (3) if prior extensions have been granted, the number of extensions granted and the date of expiration of the last extension; and (4) the cause for the requested extension.  Extensions will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect."

Dated this 15th day of August, 2006, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>  
K. Gary Sebelius  
U.S. Magistrate Judge