IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID G. PFLUM,

      Plaintiff,

v.                                                                       Case No. 99-4170-SAC

UNITED STATES OF AMERICA,

      Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

This matter comes before the court upon plaintiff David Pflum's Motion to Compel Discovery (Doc. 100). Specifically, plaintiff is seeking full and complete responses to interrogatories and requests for production of documents. Defendant filed a response in opposition to plaintiff's motion (Doc. 101). No replies have been filed and the time for doing so has expired. The court therefore deems this matter ripe for disposition.

**Discussion**

The court first addresses whether defendant has satisfied the certification requirement provided in Fed. R. Civ. P. 37(a)(2)(B) and D. Kan. Rule 37.2.

Fed. R. Civ. P. 37(a)(2)(B) requires that a motion to compel include "a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."[1] Thus, "[b]efore filing a

---

[1] Fed. R. Civ. P. 37(a)(2)(B). *See also* D. Kan. R. 37.2 (stating that "[e]very certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute").

motion, the movant must make reasonable efforts to confer."[2]  "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party."[3]  "It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[4]  "When a party certifies compliance with conference requirements, whether by a separate document or within the motion and supporting memoranda, it should set forth with particularity the steps taken to resolve the dispute."[5]

The court notes that David Pflum, as a *pro se* litigant, is not excused from compliance with fundamental rules of procedure.[6]  Further, the court notes that Mr. Pflum has wholly failed to provide the court in his Motion to Compel any certification that he has in good faith conferred or attempted to confer with opposing counsel regarding his discovery dispute.  Because Mr. Pflum is not excused from compliance with fundamental rules of civil procedure, and because Mr. Pflum has failed to comply with this court's certification requirement, the court finds that this failure is sufficient grounds to deny plaintiff's motion.

Additionally, the court finds that Mr. Pflum has failed to comply with D. Kan. R. 37.1(a).  D. Kan. R. 37.1(a) provides in pertinent part:

---

[2] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 458 (D. Kan. 1999).

[3] D. Kan. Rule 37.2.

[4] *Id.*

[5] *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ.A. 98-2183, 1999 U.S. Dist. LEXIS 8908 (D. Kan. June 8, 1999).

[6] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995).

> Motions under Fed. R. Civ. P. 26(c) or 37(a) directed at depositions, interrogatories, requests for production or inspection, or requests for admission under Fed. R. Civ. P. 30, 33, 34, or 36 or the responses thereto, *shall be accompanied by copies of the notices of depositions, the portions of the interrogatories, requests or responses in dispute* (emphasis added).

Plaintiff has not attached to his motion to compel the interrogatories and responses in dispute. The court is not inclined to speculate as to the content of plaintiff's interrogatories and/or requests for production nor is the court inclined to speculate as to the specific responses defendant provided to plaintiff in response to plaintiff's discovery. As a result, the court finds that this omission is also grounds for denial of plaintiff's motion.

Finally, the court notes that Mr. Pflum's motion appears untimely. Pursuant to the most current Scheduling Order in this case (Doc. 93):

> Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection shall be waived. *See* D. Kan. Rule 37.1(b).[7]

In this case, plaintiff does not state the date on which the disputed discovery was served on defendant nor does plaintiff allege when defendant's responses were received by plaintiff. Defendant contends, in its response, that the discovery at issue was served on defendant in March 2000 and that the court on September 10, 2002 entered an order granting in part and denying in part plaintiff's motion. Defendant then contends that it served full and complete responses to the remaining discovery on October 20, 2002.

---

[7] Scheduling Order (Doc. 93) at p. 7-8.

Because plaintiff has failed to provide the court with the discovery responses in dispute in violation of D. Kan. R. 37.1(a), the court is not in a position to speculate as to the content of the discovery requests or responses thereto.  Nonetheless, it appears to the court that plaintiff's current motion would be untimely – and any objections thereto to would therefore be waived – unless plaintiff's motion relates to discovery responses received on or before October 25, 2006 (i.e. thirty (30) days before plaintiff filed his motion on November 24, 2006).  Plaintiff has not provided this relevant information in his motion.   As a result, the court is doubtful of the timeliness of plaintiff's motion.

However, the court need not reach this timeliness issue, as plaintiff has failed to comply with several critical rules of procedure in filing his motion.  Specifically, the court finds that plaintiff has failed to comply with the certification requirement provided in Fed. R. Civ. P. 37(a)(2)(B) and D. Kan. Rule 37.2 as well as with D. Kan. R. 37.1(a)'s requirement that motions to compel be accompanied by the relevant portions of discovery in dispute.  Therefore, due to plaintiff's failure to comply with fundamental rules of procedure, the court finds that plaintiff's motion should be denied.

However, such denial shall be without prejudice, providing plaintiff with the opportunity to re-file his motion to include information to demonstrate his motion is in full compliance with the Federal Rules of Civil Procedure as well as this court's local rules.  Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Compel Discovery (Doc. 100) is hereby denied without prejudice.

**IT IS SO ORDERED.**

Dated this 11th day of January, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge